IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> THIRTEEN THOUSAND AND 00/100 ) <br> DOLLARS ($13,000.00) IN U.S. ) <br> CURRENCY, ) <br> ) <br> ) <br> Defendant. ) | No. 14-3158 |

OPINION

RICHARD MILLS, U.S. District Judge:

Plaintiff United States of America brought this civil action <u>in rem</u> to enforce the provisions of 21 U.S.C. § 881(a)(6) for the forfeiture of $13,000.00 in United States Currency ("Defendant Currency"), as money furnished or intended to be furnished in exchange for a controlled substance in violation of Title II of the Controlled Substances Act, 21 U.S.C. § 801 <u>et seq.</u>, or as proceeds traceable to such an exchange. Pending before the Court is the Government's Renewed Motion to Strike and

Motion for the Entry of Default Judgment.

I.

A Verified Claim was filed by Wilford T. Archie III, who alleged he was the rightful owner of the Defendant Currency. The Claimant alleged the Defendant Currency was not traceable to controlled substances and requested that the $13,000.00 be returned to him.

United States Magistrate Judge Tom Schanzle-Haskins entered an Order setting a Rule 16 Scheduling Conference on October 15, 2014. The Parties were directed to confer prior to the conference and submit a proposed discovery plan and discovery schedule.

Subsequently, the Government filed a motion to compel Claimant Wilford Archie III to answer special interrogatories. The Government also filed a proposed discovery plan.

The Minute Entry of Judge Schanzle-Haskins on October 15, 2014 provides that although counsel for the United States was present by telephone, the Court was unable to reach the Claimant despite multiple attempts. It further provides that Claimant did not respond to the

Government's proposed discovery plan. The Court entered the Scheduling Order in accordance with the proposed discovery plan. A telephonic Status Conference was set for April 16, 2015.

The Claimant filed a Response which objected to the Discovery Plan. He stated he would not comply and requested that the Defendant Currency be returned to him. The Court overruled the Claimant's objections to the Discovery Plan.

On December 10, 2014, the Claimant was directed to fully respond by December 29, 2014 to a number of interrogatories.

On January 12, 2015, the Government filed a motion to strike based on the Claimant's failure to respond to the Special Interrogatories as directed and motion for entry of Default Judgment. On February 20, 2015, the Claimant filed a response and answer to motion to strike.

A Minute Entry on April 16, 2015 states that Counsel for the Government was present by telephone. The Claimant could not be reached for the scheduled status conference.

II.

The Court has reviewed the Claimant's Answer and Objections to Special Interrogatories. A number of answers are deficient. The Claimant did not directly answer the question about his criminal history and current criminal offenses and arrests. The Government notes the Claimant did not mention his 2007 arrest in Louisiana for possession of marijuana.

The Claimant gave inconsistent stories regarding the source of the Defendant Currency. To the extent that Plaintiff has alleged he received a significant loan from his sister, the Claimant has not provided documentation such as (1) a withdrawal slip or bank statement showing a deduction from her bank account; (2) a canceled check payable to the Claimant; or (3) any other explanation regarding his receipt of the funds. At the time of the traffic stop by law enforcement on November 26, 2013, the Claimant told law enforcement that he obtained the Defendant Currency from "shooting dice gambling games with his friends, his work, and from his wife." When officers spoke by telephone to the Claimant's wife, she informed them that she gave the Claimant a large sum of cash. However, his wife hung up the telephone when asked how much cash she

4

had provided to the Claimant. Subsequently, law enforcement was unable to contact her to obtain further information.

In support of the claim, the Claimant has provided his sister's bank statement and his mother's obituary. The Claimant has also provided a "Loan Agreement" which the Government suggests may be fraudulent. The loan agreement was allegedly notarized in Louisiana. However, the State of Louisiana Secretary of State's Office has confirmed it does not have any records of a notary public named "Bonnie Brown." Moreover, the notary public number on the Loan Agreement is assigned to someone else.

The Court finds that Claimant has not provided credible evidentiary support that the Defendant Currency was obtained via a $9,000 loan from his sister or that he obtained $3,000 from "family" following the death of the Claimant's mother. It appears the "Loan Agreement" is fraudulent. Moreover, the Claimant has not provided information regarding: (1) the date, time and place the currency was received; (2) the manner in which it was delivered; (3) who was present during the transaction; (4) the date of his mother death; and (5) the name, address and telephone number of the

"family" member who he claims gave him $3,000.

The Claimant did not provide a current address as to Kortland Logan, his cousin, who was with the Claimant during the traffic stop. He did not provide an address for his wife or sister and claimed those individuals have "no current phone number."

Additionally, the Claimant did not provide any information in response to an interrogatory about his debts, liabilities and expenses.

In response to an interrogatory, the Claimant was unable to provide information about a Chevrolet Impala that he mentioned to law enforcement officer. He had told the officers that he found the vehicle on Craigslist.com and planned to purchase it from his cousin's friend. The Clamant did not identify where the Impala was located, the address and telephone number of his cousin, James "Pooh" Robinson and the name, address and telephone number of Robinson's friend.

The Court finds that the Claimant has not been forthcoming and has deliberately withheld information.

III.

Rule G governs statutory forfeiture actions in rem. Rule G(6) provides, "The government may serve special interrogatories limited to the claimant's identity and relationship to the defendant property without the court's leave at any time after the claim is filed and before discovery is closed." The purpose of Rule G(6) is to allow the government to "gather information that bears on the claimant's standing." Adv. Comm. Note to Supp. R G(6). Under Rule G(5), a claimant must set forth his interest in the property and the failure to do so defeats standing to contest the forfeiture. Additionally, standing is defeated if a claimant does not establish a sufficient connection to the property. See Section 10-4 Asset Forfeiture Law in the United States, discussing the procedure for challenging standing. If a claimant fails to provide answers to Special Interrogatories, Rule G(8)(c) authorizes the government to file a motion to strike the claim or answer for failure to comply with Rule G(6) or because the claimant lacks standing. Supp. R. G(8)(c)(i)(B); see also United States v. Eight Thousand Seven Hundred Ninety-One and 55/100 ($8,791.55) in U.S. Currency, 2014 WL 3953654, at *1 (C.D. Ill. Mar. 4, 2014); United

States v. Four Thousand Two Hundred Ninety ($4,290.00) in U.S. Currency, 2014 WL 859561, at *4 (C.D. Ill. Mar 5, 2014); United States v. All Assets Held at Bank Julius Baer & Co., Ltd., 959 F. Supp.2d 81, 92 n.9 (D. D.C. Aug. 12, 2013); United States v. $55,564 in U.S. Currency, 2010 WL 5475815, at *1 (D. N.J. Dec. 31, 2010).

Although it can be a harsh sanction, the failure to comply with discovery orders can result in a dismissal or default judgment. See Newman v. Metropolitan Pier & Exposition Authority, 962 F.2d 589, 591 (7th Cir. 1992). The Court concludes that the Claimant's failure to prosecute is evidence of abandonment of the claim. Given the Claimant's willful failure to participate in a scheduling conference on October 15, 2014 and a status conference on April 16, 2015, and his failure to fully and properly answer several special interrogatories, the Court concludes that the Claimant has abandoned his claim to the Defendant Currency.

This Court has previously imposed a sanction of dismissal for the continued failure to adequately provide complete responses to discovery requests. See United States v. Nineteen Thousand and 00/100 Dollars

($19,000.00) in U.S. Currency, 2012 WL 4519373, at *5 (C.D. Ill. Oct. 2, 2012) (citing Watkins v. Nielsen, 405 F. App'x 42, 45 (7th Cir. 2010) (dismissing plaintiff's case for providing incomplete and evasive responses to interrogatories)).

Because he has failed to properly comply with the Government's discovery requests and Orders of the Court, the Claimant is precluding the Government from litigating the merits of his claim. This interferes with the Government's ability to pursue forfeiture of the Defendant Currency.

Based on the Claimant's willful failure to answer and/or produce the information or documentation, therefore, the Court will strike the Claim of Wilford T. Archie III and enter a default judgment as to him. The Court further notes that no one else has filed a claim or answer to the Defendant and the time within which to do so has expired.

Based on the Claimant's abandonment, the Court finds that dismissal is the appropriate sanction.

Ergo, the Plaintiff's Renewed Motion to Strike for Failure to Respond to the Plaintiff's Special Interrogatories and Motion for Entry of Default

Judgment [d/e 26] is ALLOWED.

The Claim of Wilford T. Archie III is STRICKEN.

A Default Judgment will be entered as to Claimant Archie and any potential Claimants.

Following the entry of Default Judgment, the Clerk shall terminate any other pending motions and close this case.

ENTER: April 20, 2015

    FOR THE COURT:

    s/Richard Mills
Richard Mills
United States District Judge